UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODOR MAGDA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | No. 2:13-cv-0053 DAD<br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On September 21, 2010, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on May 28, 2010. (Transcript ("Tr.") at 116, 120.) Plaintiff's applications were denied both initially, (id. at 54-58), and upon reconsideration. (Id. at 62-67.)

/////

1   Thereafter, plaintiff requested a hearing which was held before an Administrative Law
2   Judge ("ALJ") on February 29, 2012. (Id. at 21-36.) Plaintiff was represented by counsel and
3   testified at that administrative hearing. (Id. at 21.) In a decision issued on March 30, 2012, the
4   ALJ found that plaintiff had been under a disability since May 28, 2010. (Id. at 19.)

5   On December 21, 2012, the Appeals Council issued a partially favorable decision,
6   adopting the ALJ's March 30, 2012 findings, but ruling that plaintiff had only been under a
7   disability since February 1, 2011. (Id. at 1-9.) Plaintiff sought judicial review pursuant to 42
8   U.S.C. § 405(g) by filing the complaint in this action on January 10, 2013.

9                                    LEGAL STANDARD

10  "The district court reviews the Commissioner's final decision for substantial evidence,
11  and the Commissioner's decision will be disturbed only if it is not supported by substantial
12  evidence or is based on legal error."[1] Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).
13  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to
14  support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.
15  Chater, 108 F.3d 978, 980 (9th Cir. 1997).

16  "[A] reviewing court must consider the entire record as a whole and may not affirm
17  simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,
18  466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.
19  1989)). If, however, "the record considered as a whole can reasonably support either affirming or
20  reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d
21  1072, 1075 (9th Cir. 2002).

22  A five-step evaluation process is used to determine whether a claimant is disabled. 20
23  C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step
24  process has been summarized as follows:

25  > Step one: Is the claimant engaging in substantial gainful activity? If
    > so, the claimant is found not disabled. If not, proceed to step two.
26

27  ---
    [1] Here, the Appeals Council's December 21, 2012 decision is the Commissioner's final decision.
    See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Jenkins v. Astrue, 628 F.Supp.2d 1140,
28  1144 (C.D. Cal. 2009).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion for summary judgment plaintiff's sole argument is that the Appeals Council erred by failing mention and follow Social Security Ruling ("SSR") 83-20.[2] (Pl.'s MSJ (Dkt. No. 14) at 8-9.[3]) SSR 83-20 provides that, in determining the date of onset of disability, the plaintiff's allegation as to when disability began shall be the starting point. 1983 WL 31249, at *1. Here, plaintiff argues that the Appeals Council erred by assigning more weight to the opinions of an examining physician and a non-examining physician with regard to the date of onset of plaintiff's disability than to plaintiff's own allegation. (Pl.'s MSJ (Dkt. No. 14) at 6-9.)

"Under SSR 83-20 . . . stating that 'SSR 83-20 is being applied' is not required, so failing to do so does not constitute a reversible error." Vaupell v. Commissioner of Social Sec., No.

---

[2] Social Security Rulings do not have the force of law, but courts do accord them some deference because they represent the Commissioner's interpretation of the agency's regulations. Holohan v. Massanari, 246 F.3d 1195, 1202 n. 1 (9th Cir. 2001) (citing Bunnell v. Sullivan, 947 F.2d 341, 346 n. 3 (9th Cir. 1991) (en banc)).

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2:13-cv-0074 KJN, 2014 WL 977516, at *3 (E.D. Cal. Mar. 11, 2014).  Moreover, although the date a plaintiff alleges as the onset of disability is the starting point, SSR 83-20 also provides that the plaintiff's work history and the medical evidence are additional factors to be considered in making that determination.  1983 WL 31249, at *2.  Indeed, "the claimant's alleged onset date 'should be used if it is consistent with all the evidence available'; nevertheless, 'the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence.'"  Iatridis v. Astrue, 501 F.Supp.2d 1267, 1275 (C.D. Cal. 2007) (quoting SSR 83-20, 1983 WL 31249 at *3).

Here, the Appeals Council specifically noted that "the only available evidence relevant to the period at issue," was Dr. Terrance Flanagan's November 24, 2010 opinion rendered after a complete orthopedic evaluation.  (Tr. at 7, 165.)  The results of Dr. Flanagan's testing and examination were essentially unremarkable.  (Id. at 167-69.)  Dr. Flanagan observed that plaintiff sat and stood with normal posture, sat comfortably during the examination, rose from his chair and walked without difficulty.  (Id. at 167.)  As a result of his examination, it was Dr. Flanagan's opinion that "no specific limitations" were indicated.  (Id. at 169.)

Moreover, although the Appeals Council characterized Dr. Flanagan's November 24, 2010 opinion as the only available evidence, the Appeals Council also noted that on December 6, 2010, H. Jone, M.D., a non-examining physician reviewed the available evidence and opined that plaintiff did not have a severe impairment at that time.[4]  (Id. at 7, 177.)

Plaintiff concedes that there is a "lack of evidence prior to the later onset date found by" the Appeals Council, (Pl.'s MSJ (Dkt. No. 14) at 6), but nonetheless argues that the Appeals Council's decision should nonetheless be reversed because it "translates to a rule whereby disability can never be established earlier than the date of the first relevant medical evidence establishing a medically determinable impairment(s)."  (Id. at 9.)

/////

---

[4] "The opinions of . . . non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

4

Plaintiff's argument, however, mischaracterizes the basis for the Appeals Council's decision in the undersigned's view.  The basis for the Appeals Council's decision in this case was not solely the lack of earlier relevant medical evidence, but the affirmative presence of earlier relevant medical evidence establishing that plaintiff was not disabled as of the date claimed by plaintiff.

Plaintiff also argues that it is "medically improbable" that his disc disease could have progressed from non-severe when Dr. Flanagan examined him on November 24, 2010, to being disabling on February 1, 2011, the date set by the Appeals Council as the onset of disability date and a span of less than three months.  (Id.)  Plaintiff, however, has cited nothing in the record now provided any other support from which the court could reach that conclusion.

## CONCLUSION

For these reasons, the court finds that plaintiff is not entitled to summary judgment in his favor with respect to the sole argument advanced in the pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated:  September 2, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\magda0053.ord.docx